# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                           Plaintiff,<br>  vs.<br>GEORGE DJURA JAKUBEC,<br><br>                          Defendant. | CASE NO. 10CR4828-LAB<br><br>**ORDER DENYING MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255** |

**Background**

In 2011 George Jakubec plead guilty to two counts of knowingly carrying and brandishing a firearm during the commission and attempted commission of bank robbery, violations of 18 U.S.C. § 924(c). As part of the plea bargain he negotiated, he explicitly waived his rights to appeal or to collaterally attack his convictions, provided he was sentenced to no more than 30 years in custody. Although Jakubec faced a sentence of up to life imprisonment, the Court followed the plea bargain and imposed a 30 year sentence, which happened to be the statutory minimum required sentence for the two offenses.

In 2016, Jakubec filed a motion pursuant to 28 U.S.C. § 2255 to vacate his sentence. He argued that a subsequently decided case, *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), rendered his sentence unconstitutional. *Johnson* invalidated the so-

called residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), finding the language of the clause was too vague to give adequate notice of what conduct was prohibited. Section 924(c) also includes a residual clause with similar (but not exactly the same) language. Jakubec argued in his motion that the language of the residual clause in § 924(c) is close enough to the language condemned in *Johnson* so as to also be considered unconstitutional.

Around the same time Jakubec filed his motion to vacate, the Supreme Court agreed to consider another case, *Lynch v. Dimaya*, __ U.S. __, 2016 WL 3232911 (Sept. 29, 2016), raising a vagueness challenge to 18 U.S.C. § 16, which also contains a residual clause with language similar to that in the Armed Career Criminal Act. This court stayed resolution of Jakubec's motion pending a decision in *Dimaya*. On April 17 of this year, the Supreme Court decided *Dimaya*, and declared that the residual clause in Section 16 was also unconstitutionally vague. In consideration of *Dimaya*, Jakubec renewed his motion to vacate his convictions.

**Analysis**

Section 924(c) prohibits carrying or brandishing a firearm while committing a "crime of violence." The statute defines "crime of violence" two ways. Either the offense is a felony that:

(A)     has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B)     that by its nature, involves a substantial risk of physical force against the person or property of another may be used in the course of committing the offense.

The first clause of the definition, clause (A), is known as the "force clause," while clause (B) is known as the "residual clause." *United States v. Dawson*, __ F. Supp. __, 2018 WL 1082839 at *3 (D. Oregon, Feb. 27, 2018). Jakubec's argument is that this court implicitly relied on clause (B) when it found that armed bank robbery was "crime of violence," and that clause (B) is unconstitutionally vague. The record doesn't support the assumption that the court relied on clause (B) in accepting Jakubec's guilty pleas. But it doesn't matter

in any event because armed bank robbery is categorically a "crime of violence" under clause (A). *United States v. Watson*, 881 F.3d 782, 786 (9th Cir. 2017).

During Jakubec's plea colloquy, the court explained the nature of the § 924(c) charge to him:

> . . . . the plea agreement says you are going to be pleading guilty to using a firearm during a bank robbery on November 13, 2009. Then, again, using a firearm during a second bank robbery on – attempted bank robbery on November 13, 2009 . . . .
>
> Let me explain the nature of the charges to which you are pleading guilty.
>
> This crime of using a firearm during a crime of violence would require the government to prove that you intended on, in the case of the completed bank robbery, robbing a bank November 13.
>
> It would have to be a federal crime, so they have to prove that it was a federally insured bank and that you intended *by force* or intimidation or fear to take money from that bank, and that in the course of the bank robbery that you carried and brandished and used a firearm . . . .
>
> The second charge, Mr. Jakubec, is the same. It lists a different underlying crime. That is, attempted bank robbery. They say that that occurred on November 27, 2009.
>
> Again, if that were to go to trial, they'd have to prove the elements of attempted bank robbery. They'd have to show it was a federally insured bank and that you went in and *by force*, fear, and intimidation tried to get money that didn't belong to you. And then in the course of doing that, that you used a firearm. You carried, brandished, and used a firearm, pointed it at a teller or used it in some fashion . . . .

Reporter's Transcript of Jakubec's Guilty Pleas, March 14, 201, pp. 4-6 (emphasis added).

Jakubec's contention of unconstitutionality focuses exclusively on the residual clause of section 924(c) and ignores the force clause. That focus is inapt. The court told Jakubec during the change of plea colloquy that the government had to prove that he committed an underlying "crime of violence," distinctly referring twice to the use of *force* in its explanation of the nature of bank robbery. But even had the court relied on clause (B) of § 924(c) in accepting Jakubec's guilty pleas – and assuming that the language of clause (B) is unconstitutional vague – any error was harmless because armed bank robbery is categorically a "crime of violence" under clause (A). *Dawson*, 2018 WL 1082839 at *6 *citing Watson*, 881 F.3 at 784-85. In other words, by admitting that he committed the crimes of

bank robbery and attempted bank robbery, Jakubec explicitly admitted that he committed "crimes of violence." His convictions for violating § 924(c) were lawful and remain so under clause (A), and he has failed to demonstrate any legal basis for vacating them. Because his convictions aren't "illegal," *United States v. Torres*, 828 F.3d 1113, 1125 (9th Cir. 2016), Jakubec's valid waiver of collateral attack forecloses his challenge and compels the denial of his motion.

Jakubec's motion to vacate his convictions is **DENIED**.

**IT IS SO ORDERED**.

DATED: May 1, 2018

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge