UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>GEORGE DJURA JAKUBEC,<br><br>                Defendant. | CASE NO. 10cr4828-LAB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR REDUCTION OF SENTENCE**<br>**[Dkt. 62]** |

      In 2011, George Djura Jakubec pled guilty to two counts of brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Under the version of the statute in effect in 2011, Jakubec faced a mandatory minimum sentence of thirty years, which the Court imposed: consecutive sentences of five years for the first offense and twenty-five for the second. Jakubec, who was 55 years old at the time of sentencing, is projected for release in June of 2036, when he will be 80 years old.

      Congress has since amended § 924(c). Under the current version of the statute, the first and subsequent offenses now carry identical minimum 60-month terms. Based on this statutory change, Jakubec moves for a reduction of his sentence under 18 U.S.C. § 3582(c)(1). He asks the Court to order his

release as he has served more than the 120-month minimum prescribed for the two offenses. The Court concludes that it has discretion under § 3582 to modify Jakubec's sentence, but also determines that ten years is too short a sentence for his offenses. The Motion is **GRANTED IN PART**, with the Court reducing Jakubec's sentence to 240 months.

Under 18 U.S.C. § 3582(c)(1)(A), a court may modify a defendant's term of imprisonment if, after considering the factors set forth in 18 U.S.C. § 3553(a), it concludes that "extraordinary and compelling reasons" warrant a reduction. Any reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The Sentencing Commission has issued a policy statement interpreting what a court may deem "extraordinary and compelling reasons" when considering a "motion of the Director of the Bureau of Prisons under [§ 3582(c)(1)(A)]." U.S.S.G. § 1B1.13(1)(A). This statement limits the available reasons to three specified categories and a catchall covering any other reason "[a]s determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13 at cmt. n.1. The Government argues that this policy statement is applicable, so the Court can't reduce Jakubec's sentence pursuant to the catchall provision because the motion is not brought by the Director of the Bureau of Prisons.

But for the very same reason, Jakubec's motion doesn't fall within the policy statement's stated scope. As the Ninth Circuit held after the Government filed its brief, "the Sentencing Commission ha[d] not yet [as of the April 8, 2021] issued a policy statement 'applicable' to §3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). And although at least eight other circuit courts of appeals have reached a similar

conclusion,[1] the Sentencing Guidelines released in August 2021 neither update § 1B1.13 to apply to a defendant's § 3582 motion nor include a new policy statement applicable to such motions. *See* U.S.S.G. § 1B1.13 (Aug. 1, 2021); *see also, generally,* United States Sentencing Commission, *Guidelines Manual 2021* (Aug. 1, 2021). Absent an applicable policy statement, the Court has discretion to determine what constitutes an extraordinary and compelling reason to grant a defendant's motion for a reduction of his sentence. *Aruda*, 993 F.3d at 802.

In exercising discretion here, the Court is persuaded that the reduction in the statutory minimum sentence constitutes an extraordinary and compelling reason that supports lowering Jakubec's sentence. As the Fourth Circuit determined—and as at least two courts in this District have concluded—the change reflects Congress' view that § 924(c)'s earlier form resulted in sentences that were "dramatically longer than necessary or fair." *United States v. McCoy*, 981 F.3d 271, 285–86 (4th Cir. 2020); *see also United States v. Ngo*, Case No. 97-cr-3397-GPC, 2021 WL 778660 at *4 (S.D. Cal. Mar. 1, 2021); *United States v. Lott*, Case No. 95-cr-72, 2020 WL 3058093 at *3 (S.D. Cal. June 8, 2020).

The conclusion that the change in § 924(c) is an extraordinary and compelling reason to modify a sentence doesn't end the inquiry, though. Any reduction the Court grants must be reasonable and warranted considering the factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1). Applying

---

[1] Circuits in agreement with *Aruda*'s conclusion include, at least, the Second, Third, Fourth, Fifth, Sixth, Seventh, Tenth, and D.C. Circuits. *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020); *United States v. Andrews*, 12 F.4th 255 (3d Cir. 2021); *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020); *United States v. Cooper*, 996 F.3d 283 (5th Cir. 2021); *United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178 (7th Cir. 2020); *United States v. McGee*, 992 F.3d 1035 (10th Cir. 2021); *United States v. Long*, 997 F.3d 342 (D.C. Cir. 2021).

those factors, the Court finds that some reduction is warranted, but not to the level Jakubec advocates.

To begin with, Jakubec's offenses and his surrounding criminal conduct were unquestionably serious. Jakubec first came to law enforcement's attention after a gardener was injured when an accidental explosion occurred under his feet while he was walking in Jakubec's backyard. The explosion was triggered by the residue of volatile chemicals Jakubec had earlier disposed of in the yard. This discovery led law enforcement to obtain a warrant to search Jakubec's home. Inside, officers found large quantities of highly volatile explosives and precursor chemicals. Documentary evidence found in the house also connected Jakubec with four recent bank robberies. Victims in two of the robberies reported that Jakubec was armed with a firearm, and he later admitted to using a firearm during the other two robberies. Reducing Jakubec's sentence to just ten years for these many serious offenses wouldn't provide just punishment, further deterrence, or adequately promote respect for the law.

Nevertheless, maintaining the original thirty-year sentence in the absence of a statutory minimum requiring it is, as the Court observed at the time of sentencing, disproportionate. (*See* 6/13/2011 H'rng Tr., Dkt. 48 at 21:10–14). Jakubec is now 66 years old and he has served more than a decade in federal prison. Before losing his job in 2007, he had led a legally blameless life. After that, the attendant economic hardships he experienced apparently drove him to crime. Since his sentencing, Jakubec has maintained a mostly discipline-free prison record, with only one minor infraction reported. (Dkt. 62-2, Ex. G at 85). He has served as a GED tutor to other prisoners and has completed 48 hours of pre-release education and planning courses (including independent study). Serious as Jakubec's crimes were, they don't justify a sentence that will likely keep him in prison for the rest of his life.

Because Jakubec has presented extraordinary and compelling reasons supporting his requested reduction of his sentence, the Court **GRANTS** his Motion **IN PART**. Mindful of the continuing requirements for the sentence to be reasonable, to represent just punishment, to support specific and general deterrence, and to promote respect for the law, the Court reduces the custodial portion of Jakubec's sentence to 240 months. His previously ordered supervised release term of five years remains unchanged, as do the specific conditions of supervised release the Court originally imposed.

**IT IS SO ORDERED**.

Dated: December 23, 2021

*Larry A. Burns*
**HON. LARRY ALAN BURNS**
United States District Judge